The People of the State of New York, Respondent,
against
William L. Massian, Appellant.




Zelli & Cahill, PC (Scott Lockwood of counsel), for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Alan M. Wolinsky, J.H.O.), rendered May 15, 2017. The judgment, after a nonjury trial, convicted defendant of speeding and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant in a simplified traffic information with speeding (Vehicle and Traffic Law § 1180 [d]), alleging that defendant had operated his motor vehicle at a speed of 61 miles per hour in a 30 miles per hour speed zone. Following a nonjury trial, the District Court convicted defendant of speeding and imposed a $750 fine, and, among other things, an administrative fee of $55. 
In his brief on appeal, defendant argues that the proof at trial failed to establish (1) the identity of the driver of the vehicle, (2) the officer's ability to estimate the speed of a moving vehicle, (3) the dimensions of the speed sign and the size of its lettering, (4) the distance and time defendant had been observed speeding by the officer, and (5) the calibration of the laser device that had been used to record the speed of defendant's vehicle. However, in his "affirmation of errors" (see CPL 460.10 [3]), defendant merely alleged, among other things, that the trial evidence presented by the People was legally insufficient to sustain his conviction and that the verdict was against the weight of the evidence. As the affidavit of errors failed to specify how the "evidence was insufficient as a matter of law," the District Court's return, understandably, made no reference to the claims now raised. Consequently, these claims are unpreserved for our review (see People v Angel, 39 Misc 3d 149[A], 2013 NY Slip Op 50946[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]).
Upon an independent review of the court's return, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Defendant's contention that the imposition of the administrative fee in the sum of $55 was unauthorized, since state law preempts the imposition of such a fee, is similarly not preserved for appellate review (see People v Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U] [App [*2]Term, 2d Dept, 9th & 10th Jud Dists 2017]). In any event, the administrative fee in the sum of $55 imposed by the court is authorized and is not preempted by state law (see People v Gray,58 Misc 3d 155[A], 2018 NY Slip Op 50184[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
Accordingly, the judgment of conviction is affirmed.
MARANO, P.J., GARGUILO and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk